## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

MICHAEL COOKS,

      Plaintiff,

v.                                                            Case No. 04-71775

THE INTERNATIONAL                    Honorable Arthur J. Tarnow
ASSOCIATION OF MACHINISTS        United States District Judge
& AEROSPACE WORKERS,

      Defendant.                    Magistrate Judge Pepe

_____/

## ORDER GRANTING DEFENDANT'S
## MOTION FOR SUMMARY JUDGMENT [14]

     This case involves Plaintiff's discharge from his employment with United Airlines.  Plaintiff alleges that his former union, Defendant IAM, breached its duty of fair representation by failing to file a third-step grievance on his behalf and then lying to him about the status of his grievance.

     On March 7, 2005, Defendant filed a motion for summary judgment. Apparently in response to Defendant's motion, on May 3, 2005, Plaintiff filed an affidavit along with several exhibits.  These documents fail to address Defendant's motion.  They are also untimely under Local Rule 7.1, which provides that responses to dispositive motions must be filed within 21 days after service of the motion.

     The Court will consider the parties submissions without oral argument under Local Rule 7.1(e)(2).  For the reasons that follow, Defendant's motion for

Case No. 04-71775
Cooks v. IAM

summary judgment will be GRANTED.

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P 56(c).  The moving party bears the initial responsibility of demonstrating that there is an absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323; 106 S.Ct. 2548; 91 L.Ed. 2d 265 (1986). Material facts are determined by the substantive law in the case.  *Anderson v. Liberty Lobby*, 477 U.S. 242, 247 (1986). All inferences must be made in a light most favorable to the non-moving party.  *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

To establish that Defendant breached its duty of fair representation (DFR), Plaintiff "must make an affirmative showing that the union acted in a manner that is 'arbitrary, discriminatory, or in bad faith.'"  *Wilsher v. Kroger Co. of Mich.*, 2005 WL 1047305 (E.D. Mich. 2005) (Duggan, J.) (unpublished) (citing *Vaca v. Sipes*, 386 U.S. 171, 190 (1967)).

Under the *Vaca* standard, "a union's actions are arbitrary only if, in light of the factual and legal landscape at the time of the union's actions, the union's behavior is so far outside a 'wise range of reasonableness' as to be irrational." *Airline Pilots Ass'n, Int'l v. O'Neill*, 499 U.S. 65, 67 (citing *Ford Motor Co. v. Huffman*, 345 U.S. 330, 338 (1953)).

"Mere negligence or mistaken judgment does not breach a union's duty of fair representation."  *Allen v. Allied Plant Maintenance Co. of Tennessee, Inc.*, 881 F.2d 291, 297 (6th Cir. 1989) (citing *Poole v. Budd Co.*, 706 F.2d 181, 183 (6th Cir.

2

Case No. 04-71775
Cooks v. IAM

1983)).

In this case, Plaintiff's only evidence that Defendant acted in an arbitrary, discriminatory, or bad faith manner is a November 7, 2003 letter from United to Defendant's successor, the Aircraft Mechanics Fraternal Association (AMFA), in which United rejected Plaintiff's grievance as untimely:

> In accordance with Article XVIII, Paragraph-D these grievances are not accepted to the Third Step of the grievance procedure and are being returned to you as they have NOT been appealed within the fifteen (15) day time frame as outlined in this Article. Additionally, we have no record of these grievances being submitted by the IAM for consideration in a timely manner based on the second step answer date or the answer given at the investigative Review Hearing.

11/7/03 Letter.

Plaintiff claims that the union representative in charge of his grievance, who flew from Chicago to Detroit in order to handle Plaintiff's claim following his discharge, prepared a grievance on his behalf, failed to file it, and then lied to Plaintiff about the status of his claim. Plaintiff concedes that his grievance was assigned a number, and that it was eventually transferred from IAM to AMFA when the latter succeeded the former as Plaintiff's collective bargaining representative.

Under the circumstances, the Court is unable to conclude that there is any evidence in the record tending to show arbitrary, discriminatory, or bad faith conduct on the part of Defendant.

3

Case No. 04-71775
Cooks v. IAM

Therefore,

IT IS HEREBY ORDERED that Defendant's motion for summary judgment is GRANTED.

IT IS SO ORDERED.

s/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated: June 8, 2005

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 8, 2005, by electronic and/or ordinary mail.

s/Kendra Byrd
Case Manager

4